IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| FELICIA PELLITTERI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION FILE |
| | * | NO. ___7:13-cv-28___ |
| CHRIS PRINE, Individually | * | |
| and in his official capacity as | * | |
| Sheriff of Lowndes County, Ga., | * | **JURY TRIAL DEMANDED** |
| LOWDNES COUNTY SHERIFF'S | * | |
| OFFICE; and LOWNDES COUNTY, | * | |
| GA., | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

NOW COMES, Felicia Pellitteri, Plaintiff herein, and hereby submits her Complaint against the above-named Defendants on the following grounds:

## JURISDICTION AND VENUE

1.

Jurisdiction is conferred on this Court via 28 U.S.C. §§1331 and 1343.

2.

Venue is proper in the Middle District of Georgia pursuant to 28 U.S.C. §§90(b)(6) and  1391 because the Defendants  reside in this judicial district and

division and the Plaintiffs' claims arose in this judicial district and division.

## PARTIES

3.

Plaintiff Felicia Pellitteri is a female citizen of the United States.

4.

The Defendant Chris Prine is the elected  Sheriff of Lowndes County, Geogia. Defendant Prine is sued in both his individual and official capacities. Defendant Prine may served with process at his business address of 120 Prison Farm Road, Valdosta, Ga., 31603.

5.

In his official  capacity as  Sheriff of Lowndes County, Defendant Prine is an independent   Constitutional Officer of Lowndes County and as such is the final policymaking and decision making official of Lowndes County  with regard to all matters arising within  the Lowndes County Sheriff's Office, including the hiring, firing, and terms and conditions of employment of all persons employed in the Lowndes County Sheriff's Office.

6.

Sheriff Prine, in his official capacity as Sheriff of Lowndes County, is possessed of the authority to sue and be sued under the laws of the State of Georgia.  All of

Defendant Prine's actions complained of herein were undertaken as an agent and officer of the Lowndes County Sheriff's Office and/or Lowndes County.

7.

The Lowndes County Sheriff's Office ("LCSO"),  though a branch of Lowndes County government, is an "unincorporated association" within the meaning of Fed. R. Civ. P. 17 and/or  constitutes a separate and distinct legal entity capable of suing and being sued under the laws of the State of Georgia.  Defendant LCSO may be served with process via service on Sheriff Chris Prine at his business address of 120 Prison Farm Road, Valdosta, Ga. 31601.

8.

The Defendant Lowndes County, Georgia, is a political subdivision of the State of Georgia and is a legal  entity which may sue and be sued under Georgia law. Lowndes  County is an indispensable party to this action under Fed. R. Civ. P. 19, due to its obligation and duty under Georgia law to provide all funds necessary to the operation of the LCSO.  See, Carver v. Sheriff of LaSalle County, 243 F.3d 379 (7th Cir. 2001).    Lowndes County may be served with process via service on Bill Slaughter, the Chairman of the Lowndes County Board of Commissioners at this business address of 325 West Savannah Street, Valdosta, Ga. 31601.

9.

All of the actions complained of herein were taken under color of state and local law, pursuant to the policy and custom of Lowndes County, Ga. and/or the Lowndes County Sheriff's Office, and/or Defendant Prine, acting in his official capacity as Sheriff of Lowndes County as an agent acting for the other named Defendants.

10.

Defendants Prine (in his official capacity),   LCSO, and Lowndes County are or were at the relevant times, Plaintiffs' "employers" or "joint-employers" in that each of the Defendants   possessed   and/or   exercised   varying degrees of control and authority regarding the terms and conditions of Plaintiff's employment and/or the specific  events complained of herein.

## FACTUAL ALLEGATIONS

11.

Plaintiff was employed as a Deputy Sheriff within the Lowndes County Sheriff's Office on or about June 7, 2009.

12.

Plaintiff was involuntarily terminated from employment in May of 2012.

13.

Prior to her termination, Plaintiff suffered an on the job injury to her knee which

-4-

substantially impaired a major life activity, to wit, walking and running, and general mobility.

14.

Prior to her termination, Plaintiff was a qualified person with a disability.

15.

Plaintiff's disability was known of by the Defendants, who  perceived Plaintiff as having a disability.

16.

In light of her disability, Plaintiff requested a reasonable accommodation, to wit: temporary light duty.

17.

Rather than providing the reasonable accommodation requested by the Plaintiff, Defendant Prine involuntarily terminated Plaintiff's employment.

18.

Defendant Prine treated similarly situated male Deputy Sheriffs more favorably: male Deputy Sheriffs  who suffered on-the-job injuries were afforded reasonable accommodation, to wit: light duty.

19.

At the time of Plaintiff's termination, Defendants retained equally or lesser

qualified similarly situated male Deputy Sheriffs.

20.

Upon information and belief, Plaintiff was replaced by a male Deputy Sheriff.

21.

Plaintiff was terminated from employment based at least in part  on her disability.

22.

Plaintiff was terminated based at least in part on her gender, female.

23.

Defendant Prine was aware at the time he terminated Plaintiff's employment that gender discrimination in public employment was unlawful.

24.

As a consequence of Defendants' unlawful actions set forth above, Plaintiff has suffered lost wages and benefits of employment.

25.

As a consequence of Defendants' unlawful conduct described above, Plaintiff has suffered severe mental and emotional distress,  pain and suffering, and diminished reputation and standing in the community.

26.

The conduct of Defendant Prine, individually, was willful, deliberate and intentional and in conscious disregard of Plaintiffs' rights under federal law, thereby authorizing an award of punitive damages against Defendant Prine in his individual capacity.

27.

Plaintiff timely filed charges of discrimination (gender/disability) with the U.S. Equal Employment Opportunity Commission ("EEOC") within 180 days of her termination (Chg. No. 410-2012-05574). This action is instituted within 90 days of Plaintiff's receipt of notice of termination of the EEOC's processing of said charge.

## LEGAL ALLEGATIONS

### Count One: 42 U.S.C. §1983 Violation Of Plaintiff's Fourteenth Amendment Right To Be Free From Gender Discrimination[1]

28.

Defendants' gender based termination of Plaintiff's employment constitutes a violation of her Equal Protection right to be free from gender discrimination under the Fourteenth Amendment to the United States Constitution, actionable under 42 U.S.C. §1983.

---

[1]Count One is asserted against all Defendants.

## **Count Two: Title VII Gender Discrimination**[2]

### 29.

Defendants' gender based termination of Plaintiff's employment constitutes a violation of Title VII of the Civil Rights Act of 1964.

## **Count Three: Violation of the Americans With Disabilities Act ("ADA")**[3]

### 30.

Defendants' termination of Plaintiff's employment based on her disability or perceived disability constitutes a violation of the Americans with Disabilities Act.

**WHEREFORE, Plaintiffs demand judgment as follows:**

(a)    that the Defendants be served with a copy of this Complaint and process as provided by law;

(b)    Trial by jury;

©    that Plaintiff recover from Defendants Prine in his official capacity, LCSO, and Lowndes County, special damages, including but not limited to lost wages and benefits of employment, including diminished retirement/pension benefits;

---

[2]County Two is asserted against Sheriff Prine in his official capacity, against the Lowndes County Sheriff's Office, and Lowndes County.

[3]County Three is asserted against Sheriff Prine in his official capacity, against the Lowndes County Sheriff's Office, and Lowndes County.

(d)     that Plaintiff  recover from all Defendants general damages for mental and emotional distress;

(e)     that Plaintiff recover from all Defendants  prejudgment interest;

(f)     that all  Plaintiffs recover punitive damages from Defendant Prine in his individual capacity;

(g)     that all  Plaintiffs recover their  costs and reasonable attorney's fees pursuant to Title VII; the ADA; and  42 U.S.C. §1988;

(h)     that a Declaratory judgment be entered to the effect that the actions complained of above were motivated by considerations made unlawful under federal law;

(I)     that Plaintiffs receive mandatory injunctive relief requiring that they be reinstated to their former positions of employment, with full backpay, benefits and seniority, or in the alternative, an award of front pay;

(j)     that Plaintiffs receive injunctive relief specifically requiring Defendants to cease and discontinue their practice of considering and relying on unlawful factors such gender and disability in their making of employment decisions;

(k)     that Defendants be temporarily, preliminarily, and permanently enjoined from committing  further unlawful acts of  discrimination;

(l)     Such other and further relief as the Court deems just and proper.

Respectfully submitted this 11th day of March, 2013.


/s/ Harlan S. Miller
Harlan S. Miller
Georgia Bar No. 506709


**OF COUNSEL:**
Parks, Chesin & Walbert, P.C.
75 Fourteenth Street
Suite 2600
Atlanta, Ga. 30309
(404) 873-8000
(404) 873-8050 (fax)
hmiller@pcwlawfirm.com