IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **FELICIA PELLITTERI**,<br><br>  Plaintiff,<br><br>v.<br><br>**CHRIS PRINE, Individually and in his official capacity as Sheriff of Lowndes County, Ga., LOWNDES COUNTY SHERIFF'S OFFICE, and LOWNDES COUNTY, GA.**,<br><br>  Defendants. | Civil Action No. 7:13-CV-28 (HL) |

**ORDER**

This case is before the Court on the Motion to Dismiss of Lowndes County Sheriff's Office and Lowndes County, Georgia and Motion for Partial Dismissal by Sheriff Chris Prine, in His Official Capacity (Doc. 11). For the reasons discussed below, the motion is granted in part and denied in part.

**I.   MOTION TO DISMISS STANDARD**

To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id. The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. Twombly, 550 U.S. at 556.

On a motion to dismiss, "all-well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n. 1 (11th Cir. 1999). However, the same does not apply to legal conclusions contained in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. In addition, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

## II.   FACTS/BACKGROUND[1]

Plaintiff was employed as a deputy sheriff within the Lowndes County Sheriff's Office on or about June 7, 2009. (Compl. ¶ 11; Doc. 1). She was terminated from employment in May of 2012. (Id. at ¶ 12). Prior to her termination, Plaintiff suffered an on-the-job injury to her knee. (Id. at ¶ 13). Plaintiff became disabled as a result of the injury, and Defendants knew of Plaintiff's disability. (Id. at ¶¶ 13-15). In light of her disability, Plaintiff requested that she be put on temporary light duty. (Id. at ¶ 16).

---

[1] The factual assertions contained in Plaintiff's complaint are accepted as true for purposes of the motions to dismiss. The Court agrees with Defendants that many of the statements contained in paragraphs 4 through 10 of the complaint are not facts but instead are legal conclusions. The Court does not accept the legal conclusions as true.

2

Rather than accommodating her disability, Defendant Prine terminated her employment. (Id. at ¶ 17). Plaintiff was replaced by a male deputy sheriff. (Id. at 20). Defendant Prine allowed male deputy sheriffs who suffered on-the-job injuries to work light duty jobs. (Id. at ¶ 18). Further, at the time of Plaintiff's termination, Defendants retained equally or lesser qualified similarly situated male deputy sheriffs. (Id. at ¶ 19).

On March 11, 2013, Plaintiff filed a three-count complaint against Chris Prine, individually and in his official capacity as Sheriff of Lowndes County, Georgia, the Lowndes County Sheriff's Office, and Lowndes County, Georgia. In Count One, asserted against all Defendants, Plaintiff alleges that her termination violated her right to be free from gender discrimination under the Equal Protection clause of the Fourteenth Amendment, as actionable under 42 U.S.C. § 1983. In Count Two, asserted against Defendant Prine in his official capacity only, the Lowndes County Sheriff's Office, and Lowndes County, Plaintiff alleges that her gender-based termination violated Title VII of the Civil Rights Act of 1964. Finally, in Count Three, asserted against Defendant Prine in his official capacity only, the Lowndes County Sheriff's Office, and Lowndes County, Plaintiff alleges that her termination based on her disability or perceived disability constitutes a violation of the Americans with Disabilities Act.

Defendants now move to dismiss the complaint, in part, pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendants move to dismiss the Lowndes County Sheriff's Office and Lowndes County as parties. They also move to dismiss

Counts One and Three against Defendant Prine in his official capacity. Defendants do not seek the dismissal of the claims asserted in Count One against Defendant Prine in his individual capacity and in Count Two against Defendant Prine in his official capacity, and those will move forward notwithstanding the rulings made here by the Court.

## III.   ANALYSIS

### A.   Claims against the Lowndes County Sheriff's Office

Defendants move to dismiss all claims against the Lowndes County Sheriff's Office because it is not an entity capable of being sued. The Court agrees. The issue of whether a government entity is capable of being sued is determined by the law of the state in which the district court is located. Fed.R.Civ.P. 17(b)(3). Thus, in this case, Georgia law controls. The Georgia Supreme Court has explained that "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 318, 368 S.E.2d 500, 502 (1988) (quotation omitted). A sheriff's office does not fall into any of these categories, and therefore is not capable of being sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit.");

Presnell v. Paulding County, 454 F.App'x 763, 768 (11th Cir. 2011). Accordingly, all claims against the Lowndes County Sheriff's Office are dismissed.

### B.     Claims against Lowndes County

Defendants move for dismissal of all claims against Lowndes County because it was not Plaintiff's employer and does not exercise control over the personnel matters or decisions of the Sheriff. The Court agrees that Lowndes County should be dismissed from the case.

Plaintiff alleges Title VII and ADA claims against Lowndes County. Both Title VII and the ADA authorize a cause of action against an employer. 42 U.S.C. § 2000(e)-2(a); 42 U.S.C. § 12111; 42 U.S.C. § 12112; Mason v. Stallings, 82 F.3d 1007 (11th Cir. 1996). It is well established that in Georgia, the Sheriff, and not the county, employs his deputies. *See generally* Manders v. Lee, 338 F.3d 1304, 1311 (11th Cir. 2003); Teasley v. Freeman, 305 Ga. App. 1, 3, 699 S.E.2d 39 (2010) ("Furthermore, as pointed out by the trial court, our statutory and case law consistently treat sheriffs as the employer of their deputies.") As explained by the Eleventh Circuit in Manders, under Georgia law, counties are separate entities independent of the sheriff's office, the sheriff is not a sub-unit or division of county government, and "[s]heriffs alone hire and fire their deputies." 338 F.3d at 1310-11. Because Defendant Prine, not Lowndes

County, was Plaintiff's employer, the Title VII (Count Two) and ADA (Count Three) claims against Lowndes County must be dismissed.

In addition to her Title VII and ADA claims, Plaintiff asserts a claim under § 1983 that her allegedly gender-based termination violated her rights under the Equal Protection Clause. Generally, the Eleventh Circuit has "rejected the notion that a Georgia county can be liable under § 1983 for the actions of members of a sheriff's office, finding that, pursuant to the Georgia Constitution, a sheriff's office is independent from the county in which it operates." Townsend v. Coffee County, Ga., 854 F.Supp.2d 1345, 1350 (S.D. Ga. 2011) (citing Grech v. Clayton County, 335 F.3d 1326, 1332, 1335 (11th Cir. 2003)). In light of the strict limitations on municipal liability under § 1983, a county will be held responsible only when the county's "official policy" causes a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, a plaintiff must "'identify a municipal 'policy' or 'custom' that caused [his] injury.'" Grech, 335 F.3d at 1329 (quoting Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998)).

A plaintiff "has two methods by which to establish a county's policy: identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." Grech, 335 F.3d at 1329. "Because a county rarely will have an officially-adopted policy of permitting a particular constitutional violation, most plaintiffs . . . must show that the county has a custom or practice of permitting it and that the county's custom or practice

is 'the moving force [behind] the constitutional violation.'" Id. at 1330 (quoting City of Canton v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)).

To establish "§ 1983 liability against a municipality based on custom, a plaintiff must establish a widespread practice that, 'although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law.'" Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1481 (11th Cir. 1991) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988)). In addition, a plaintiff "(1) must show that the local governmental entity, here the county, has authority and responsibility over the governmental function in issue and (2) must identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation in issue." Grech, 335 F.3d at 1330 (citations omitted).

In her complaint, Plaintiff alleges:

> All of the actions complained of herein were taken under color of state and local law, pursuant to the policy and custom of Lowndes County, Ga. and/or the Lowndes County Sheriff's Office, and/or Defendant Prine, acting in his official capacity as Sheriff of Lowndes County as an agent acting for the other named Defendants.

(Compl., ¶ 9).

This paragraph contains the only mention of the words "policy" or "custom" in the entire complaint. Plaintiff has not specifically identified any official policy or well-settled custom or practice attributable to Lowndes County which was the moving force behind

7

her allegedly unconstitutional violation. Plaintiff has done nothing more than make a vague and conclusory allegation, and that is not sufficient to state a claim for municipal liability under § 1983. Accordingly, Count One is also dismissed against Lowndes County.

### C. Count One and Count Three Claims against Defendant Prine in his Official Capacity

Defendants also move the Court for dismissal of the official capacity claims asserted against Defendant Prine in Count One (§ 1983) and Count Three (ADA) of Plaintiff's complaint.

Defendant Prine contends he cannot be liable in his official capacity for Plaintiff's statutory and constitutional claims except those arising under Title VII because he has Eleventh Amendment immunity. The Eleventh Amendment protects a state from being sued in federal court for damages unless the state has consented to suit or Congress has validly abrogated the state's immunity. Manders, 338 F.3d at 1308; Williams v. Bd. of Regents of Univ. Sys. Of Ga., 477 F.3d 1282, 1301 (11th Cir. 2007).

Resolution of this portion of the motion hinges on how the Court deals with the Eleventh Circuit's decision in Keene v. Prine, 477 F.App'x 575 (11th Cir. 2012). In Keene, three former employees brought suit against Defendant Prine and Lowndes

County.[2] The plaintiffs claimed that they were wrongfully terminated from their jobs at the Lowndes County Sheriff's Office. They alleged numerous claims, including discrimination based on sex and age, as well as retaliation for engaging in protected political speech.

Following discovery, Defendant Prine moved for summary judgment.[3] One of Defendant Prine's arguments was that he was entitled to Eleventh Amendment immunity for the official capacity claims brought against him, with the exception of the Title VII claims. This Court analyzed the Eleventh Amendment question, first considering whether Defendant Prine acts as an arm of the state when making employment decisions, and if so, whether Congress had eliminated Eleventh Amendment immunity for any of the plaintiffs' claims or whether the State of Georgia had consented to suit.

Utilizing the test set forth in Manders v. Lee, 338 F.3d at 1309, the Court determined that Defendant Prine is an arm of the state in relation to making employment decisions for his office. Therefore, the Court concluded, the claims against Defendant Prine in his official capacity constituted claims against the State of Georgia. (Civil Action No. 7:09-CV-141 (HL); Doc. 64, p. 22). After considering the second part of the Eleventh Amendment immunity question, the Court determined that Defendant Prine was entitled to immunity in his official capacity from any § 1983, FMLA, ADEA, or

---

[2] The same counsel litigating the case at bar also litigated Keene.

[3] Lowndes County also moved for summary judgment, but for purposes of this Order it is not necessary to discuss anything other than the Eleventh Amendment issue relating to

ADA monetary award. The Court found that Defendant Prine was not immune from the Title VII monetary claims or from the plaintiffs' prospective injunctive relief claims. (Id. at p. 24-25). After considering the merits of the plaintiffs' remaining claims, the Court granted the summary judgment motion. (Id. at 52). Judgment in favor of the defendants was entered on June 22, 2011.

The plaintiffs appealed the case to the Eleventh Circuit, which issued an opinion reversing the Court's judgment and remanding the case for further proceedings. Keene v. Prine, 477 F.App'x 575 (11th Cir. 2012). The only portion of the appellate opinion that is of interest to the Court for its current purposes deals with Eleventh Amendment immunity.

The Eleventh Circuit noted that for Defendant Prine to receive Eleventh Amendment immunity, he had to have been acting as an arm of the state when he terminated the plaintiff-employees. The court examined the Manders factors and determined that when Defendant Prine made the personnel decisions at issue, he did not act as an arm of the state, and therefore was not entitled to immunity. Id. at 579-80. The circuit court reversed this Court on that point.

Not surprisingly, Plaintiff puts all of her eggs into the Keene basket, and argues that based on that decision, Defendant Prine's official capacity Eleventh Amendment immunity claim must be rejected, as when making a local personnel decision, such as terminating the employment of an employee, he is not acting as an arm of the state.

---

Defendant Prine.

Defendants, again not surprisingly, argue that the Keene decision is flat-out wrong and that Defendant Prine is in fact entitled to immunity. Defendants do acknowledge, however, that if the Court believes Keene was correctly decided, the Counts One and Three official capacity claims against Defendant Prine will move forward.

There are few things a judge dislikes more than getting reversed by a higher court. The Court expended a great amount of time and energy in coming to its decision in Keene that Defendant Prine is an arm of the state for purposes of making personnel decisions. Obviously the Court believed that decision was correct or it would not have issued the order. But an appellate panel decided that the decision was in fact incorrect. While the Court acknowledges that the Keene decision is unpublished, and therefore technically not binding[4], the Court is faced with an appellate decision dealing with the exact same defendant, on the exact same type of legal claim - discrimination in an employment decision -, and the exact same legal issue - whether Eleventh Amendment immunity is available. While in no way conceding that its initial decision in Keene was wrong, because of the circumstances presented here, the Court feels bound to follow Keene. Therefore, the Court denies the motion as to Defendant Prine in his official capacity as to Counts One and Three.

Perhaps this will be the case where the Eleventh Circuit will issue a published opinion on the specific issue of whether a sheriff acts as arm of the state when he

---

[4] The Court is aware that the Eleventh Circuit denied the Keene plaintiffs' motion to publish the opinion.

makes personnel decisions.[5] As Defendants are undoubtedly aware, a district court's denial of a motion to dismiss on Eleventh Amendment immunity grounds is appealable immediately. Summit Medical Assocs., P.C. v. Pryor, 180 F.3d 1325, 1334 (11th Cir. 1999) (citations omitted).

## IV.     CONCLUSION

The Motion to Dismiss of Lowndes County Sheriff's Office and Lowndes County, Georgia and Motion for Partial Dismissal by Sheriff Chris Prine, in His Official Capacity (Doc. 11), is granted in part and denied in part.

The Lowndes County Sheriff's Office and Lowndes County are dismissed as parties. All of the claims against Defendant Prine, both in his official and individual capacities, will move forward.

**SO ORDERED**, this the 21st of August, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

---

[5] The Court is also aware that the Eleventh Circuit denied the Keene defendants' petition for rehearing *en banc*.